## STANDARD GENERATOR SERVICE CO. OF MO. v. NATIONAL LABOR RELATIONS BOARD.

### No. 14188.

United States Court of Appeals, Eighth Circuit.

Jan. 23, 1951.

C. Willard Max, Clayton, Mo., for petitioner.

Marcel Mallet-Prevost, Attorney, National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel; David P. Findling, Associate General Counsel and A. Norman Somers, Assistant General Counsel; all of Washington, D. C. and Leonard S. Kimmell, Cincinnati, Ohio, on the brief), for respondent.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This case is here upon the petition of the Standard Generator Service Company of Missouri, hereinafter called the Company, to review and set aside an order of the National Labor Relations Board (90 N.L. R.B., No. 131), and upon the petition of the Board for a decree of this court enforcing its order. The Board found that the Company, after knowledge that the United Automobile, Aircraft and Agricultural Implement Workers of America, UAW-CIO, in a representation proceeding before the Board had established its right as exclusive bargaining agent for the Company's production and maintenance em-

ployees, by ordering a decrease in the wages of its employees without consultation with the Union had violated section 8 (a) (3) of the Labor Management Relations Act, and that it had refused to bargain in good faith with the Union in violation of section 8(a) (5) of the Act, 29 U.S.C.A., § 158(a) (3) and (a) (5).

The Board's order under review requires the Company to cease and desist from (1) discouraging membership in the Union, (2) refusing to bargain collectively with the Union as exclusive representative of its production and maintenance employees, and (3) interfering in any manner with the rights of the employees to self organization and collective bargaining. The order also requires the Company to take the following affirmative action: (1) make whole its employees for any loss of pay suffered by reason of a wage reduction ordered by the Company without consultation with the Union; (2) bargain collectively with the Union as exclusive representative of its employees; and (3) post appropriate notices. The Board expressly found that compliance with the affirmative provisions of the order was necessary to effectuate the policies of the Act.

The Company, in exceptions filed to the intermediate report of the trial examiner and in its petition to review the decision of the Board after the rejection of its exceptions, makes numerous assignments of error in the findings and conclusions of the trial examiner and of the Board in its decision. All these assignments, however, upon analysis, come down to the contention that the findings of the Board were not supported by any evidence. In the brief on behalf of the Company the challenges to the validity of the Board's order are reduced to three in number which, if they mean anything, mean only that the Board's order is without evidence to support it.

▮▮▮ With one possible exception to be noted later, there is no dispute in the evidence. The Company offered none in the proceedings before the Board. In this state of the record it is wholly unnecessary to enter upon a detailed discussion of testimony which the Board heard. All that the contention of the Company

amounts to in the present case is that the Board was without power to draw the inferences which it has drawn from admitted facts. In view of the limited jurisdiction of the courts in the review of decisions of the National Labor Relations Board, the argument is frivolous. The findings of the Board when supported by substantial evidence are conclusive upon the courts. Inferences from evidence are to be drawn by the Board and not by the courts except as to questions of law, and upon such questions the judgment of the Board is entitled to respect. It is for the Board and not for the courts to say what is necessary in a given case to effectuate the policies of the Act. National Labor Relations Board v. May Department Stores Co., 8 Cir., 146 F.2d 66; National Labor Relations Board v. Winona Textile Mills, Inc., 8 Cir., 160 F.2d 201, 203; National Labor Relations Board v. National Garment Co., 8 Cir., 166 F.2d 233; Franks Bros. Co. v. National Labor Relations Board, 321 U.S. 702, 704, 64 S.Ct. 817, 88 L.Ed 1020.

▮▮▮ On the undisputed facts before it the Board could not escape the conclusion that the Company had refused to bargain in good faith with the Union after knowledge that the Union was entitled to act as the exclusive bargaining representative of its employees. On the question of the unilateral wage decrease, it is true that counsel for the Company, called as witness by the General Counsel for the Board, testified that in his opinion the wage decrease was not made because the Union had won the representation election nor was it inspired by hostility to the Union. But he offered no reason for the Company's action taken on the day after the Union had won the representation election, nor any explanation of why a wage increase at the same rate granted a short time before, when the representation proceedings were in progress, should have been withdrawn immediately after the election. The Board, being the exclusive judge of the credibility of witnesses before it, was not required to accept this testimony as conclusive. The circumstances surrounding the granting of a wage in-

crease and its sudden withdrawal, in both cases without prior consultation with the bargaining representative of the employees and with no claim of justification on economic grounds, amply justified the Board's conclusion that the action of the Company with reference to wages was inspired by Union hostility and taken with intent to discourage the employees in the exercise of the right of self organization under the Act. National Labor Relations Board v. Winona Textile Mills, Inc., supra; Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183, 190; Allis-Chalmers Mfg. Co. v. National Labor Relations Board, 7 Cir., 162 F.2d 435, 440; National Labor Relations Board v. Swift & Co., 3 Cir., 162 F.2d 575, 586; May Department Stores Co. v. National Labor Relations Board, 326 U.S. 376, 384, 66 S.Ct. 203, 90 L.Ed. 145.

The petition to review and set aside the decision of the Board is denied. The petition of the Board for a decree enforcing its order is granted.